### 12147.  HEATON, trustee, *v.* McBRIDE.

The petition set forth a cause of action and was not subject to the demurrers, either general or special, and the court did not err in overruling them. There was evidence to support the verdict and the court did not err in overruling the motion for a new trial.

DECIDED JUNE 6, 1921.

Complaint; from Haralson superior court — Judge Irwin. December 16, 1920.

The petition alleged that the defendant, Heaton, as substituted trustee, was indebted to the plaintiff for services performed by him as an attorney at law for the trustee's predecessor, one Summerlin; that the Watson Clothing Company, Watson Supply Company, I. M. Watson, and Mina T. Watson had become financially involved and made a deed of trust to Summerlin for the benefit of the creditors; that the plaintiff represented the said trustee Summerlin in numerous matters and on numerous occasions as an attorney at law, advising and counselling him; that the said Summerlin acted as such trustee for about four years, and during all of that time the plaintiff was serving him as an attorney at law; that the value of the property was $4,000 or other large sum; that the defendant was substituted as trustee for Summerlin; that during all the time of the plaintiff's employment by Summerlin as such trustee the plaintiff counseled, assisted, and represented Summerlin in his duties as such trustee, faithfully and efficiently, being called on almost daily by the said trustee for professional advice and counsel concerning his said trust; that a reasonable fee for his services was not less than $600, of which Summerlin had paid the plaintiff only $100; that all the time Summerlin was trustee the defendant had full knowledge that the plaintiff was employed by the said Summerlin as his attorney in and about his said trust; that at the time the defendant took the property he had full knowledge of the fact that the plaintiff had not been settled with and paid for his services to

said Summerlin as such trustee; that the property in the hands of the defendant was subject to the plaintiff's claim; and that the plaintiff was informed and believed that the defendant as such trustee had sold or otherwise disposed of most, if not all, of said property conveyed to him. Attached to the petition as exhibits were copies of the trust deeds, with lists of creditors, etc. The defendant demurred generally and specially, the substance of the demurrer being that the petition did not show that the plaintiff's services were necessary to Summerlin as trustee; that it did not set forth in detail what services had been performed; that it showed that the alleged deed of trust to Summerlin was never sworn to by I. M. Watson and Mina T. Watson, as required by law; that while there was a form of affidavit attached to the instrument, no jurat and no official's name appeared on the paper, and the assignment was therefore void; and that as Summerlin had no title, the defendant could not claim attorney's fees for representing him. The court overruled the demurrer. The case went to trial and the trial resulted in a verdict for the plaintiff. The case came to this court on exceptions to the overruling of the demurrer and of a motion for a new trial.

*Griffith & Matthews,* for plaintiff in error.

*James Beall, J. M. & H. J. McBride,* contra.

HILL, J. (After stating the foregoing facts.) As the petition alleged that Summerlin acted as trustee and performed duties as such, he was a de facto trustee at least, according to the allegations of the petition. The petition further alleged that the deed was accepted and acted on by all parties at interest therein. The validity of the trust deed to Summerlin cannot be in issue in this case. The petition alleged that the plaintiff performed certain valuable services for the alleged trustee, Summerlin, and there is nothing in the petition to show that Summerlin's authority as such trustee has ever been questioned, but, on the contrary, it shows that he acted as such trustee for a period of about four years. On the trial of the case there was evidence sustaining the allegations of the petition, and we are of the opinion that the court did not err in overruling the demurrer or in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*